UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OLIN LEVY,<br><br>          Plaintiff,<br><br>     v.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE CO.,<br><br>          Defendant. | Case No. 15-cv-06136-EDL<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE** |

## I.  Introduction

This case was originally brought by pro se plaintiff Marc Olin Levy against Massachusetts Mutual Life Insurance Company ("Mass Mutual") in Santa Clara Superior Court. Mass Mutual removed the case to this Court, and now moves to dismiss the complaint with prejudice. The Court finds it appropriate to decide the matter without the need for oral argument, hereby vacates the hearing set for February 16, 2016, and grants the motion to dismiss with prejudice.

## II.  Background

Plaintiff filed the operative complaint on December 1, 2015. Excluding the introduction, the complaint provides in its entirety:

> I, Marc Olin Levy am filing a Federal Employment Discrimination lawsuit against MassMutual. On February 24, 2012, I was interviewed by MassMutual at their San Francisco, Ca. offices for a position with the company. It was a life insurance sales position and a stock brokering position. The recruiter told me that because of my measly $6000 debt that I was working on with a Credit Counseling agency about, I was disqualified from employment with their company. This is not a Federal law. A person cannot be held out of FINRA or a life insurance company over $6000 in debt. I claim employment discrimination.

See Dkt. No. 1-1. The complaint demands $2 Billion in damages. Id.

Mass Mutual removed the case to this Court on December 28, 2015 and filed a motion to dismiss on January 6, 2016. Plaintiff filed an opposition a week and a half late,

and the Court has considered this untimely submission.

## III.   Legal Standard

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). A court need not, however, accept as true the complaint's "legal conclusions." Iqbal, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by amendment. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## IV.   Request for Judicial Notice

In its moving papers, Mass Mutual points out that Plaintiff filed an almost identical case in this district in 2012 that was dismissed for lack of prosecution, and requests that the Court take judicial notice of the complaint, application to proceed in forma pauperis, docket, and orders issued in Plaintiff's earlier case against Mass Mutual. Pursuant to Federal Rule of Evidence 201(b)(2), a court may take judicial notice of evidence that is "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." This includes "matters of public record . . . including documents on file in federal or state courts." Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record'"). This Court takes judicial notice of the court documents relating to Plaintiff's earlier, virtually identical complaint against Mass Mutual that was dismissed for lack of prosecution.

## V.   Discussion

### A.   Failure to State a Claim for Employment Discrimination

Plaintiff claims employment discrimination based on an allegation that a recruiter told him he was not qualified for employment with Mass Mutual because he had a $6,000 debt. Taking this allegation as true, owing a debt is not a protected characteristic upon which an employment discrimination claim case be based under either federal or state law. See generally, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 et seq. In his opposition, Plaintiff argues that a debt is not a good enough reason to refuse to hire him, and is "left to believe that the reason not to hire [him] was potentially discriminatory." However, Plaintiff does not allege in the complaint or opposition that he is a member of a protected class or otherwise provide any factual support for his belief that Mass Mutual's actions were discriminatory. Plaintiff's complaint is dismissed for failure to state a claim.

### B.   Failure to Exhaust Administrative Remedies

Before filing suit for an employment discrimination claim pursuant to Title VII, a plaintiff must exhaust his administrative remedies by filing a timely and sufficient charge with the Equal Employment Opportunity Commission or the appropriate state administrative agency and obtain a right-to-sue letter. See, e.g., Vasquez v. County of L.A., 349 F.3d 634, 645–46 (9th Cir. 2003); 42 U.S.C. §§ 2000e–5(b), (f)(3), 16(c); Stache v. Int'l Union of Bricklayers and Allied Craftsmen, AFL–CIO, 852 F.2d 1231, 1233 (9th Cir.1988), cert. denied, 493 U.S. 815 (1989). "[T]he administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrow[es] the issues for prompt adjudication and decision." B.K.B. v. Maui Police Dep't., 276 F.3d 1091, 1099 (9th Cir. 2002) (internal citations and quotations omitted).

Plaintiff does not allege in either his complaint or his opposition that he exhausted his administrative remedies by timely filing a complaint with the Equal Employment Opportunity Commission ("EEOC") within 180 days. To the extent that Plaintiff's claim

is based on state employment discrimination law, there is also no allegation that Plaintiff timely filed a complaint with the California Department of Fair Employment and Housing ("DFEH") within one year.  See Rojo v. Kliger, 52 Cal. 3d 65, 83 (1990); Cal. Gov't Code §12960.  Plaintiff does not address Mass Mutual's exhaustion arguments in his opposition, or attempt to argue that he has properly exhausted his administrative remedies.  Therefore, the Court lacks jurisdiction over Plaintiff's employment discrimination claim and the complaint is dismissed on this basis as well.

### C. Dismissal With Prejudice

Ordinarily, "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  Lucas v. Dep't of Corr., 66 F.3d 245, 248-49 (9th Cir. 1995).  Here, however, allowing further amendment would be futile and unfair, where Plaintiff already filed an almost identical complaint in this district in 2012 and then failed to prosecute it, resulting in dismissal.  Plaintiff was provided with notice of the deficiencies in his current complaint by way of Mass Mutual's motion to dismiss, and failed to make any arguments or allegations in his opposition that might support his claim.  Plaintiff has had ample opportunity to make a claim against Mass Mutual and has been unable to do so.  The dismissal is with prejudice.

**IT IS SO ORDERED.**

Dated:  February 10, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OLIN LEVY,<br><br>    Plaintiff,<br><br>  v.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE CO.,<br><br>    Defendant. | Case No. 15-cv-06136-EDL<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 10, 2016, I SERVED a true and correct copy(ies) of the attached order, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marc Olin Levy
18225 Hale Avenue
Morgan Hill, CA 95037

Dated: February 10, 2016

Susan Y. Soong
Clerk, United States District Court

By: _____
Stephen Ybarra, Deputy Clerk to the
Honorable ELIZABETH D. LAPORTE

5